UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

GERRY BILLY,

    Plaintiff,

v.                                              No. CIV-13-00032 MCA/LAM

THE CURRY COUNTY BOARD OF COUNTY
COMMISSIONERS, a political sub-division
existing under the laws of the State of New
Mexico; and LANCE PYLE, individually, and
in his official capacity as County Manager
for the Curry County Board of County Com-
missioners; ROBERT SANDOVAL, indivi-
dually; FRANK BLACKBURN, individually;
BEN McDANIEL, individually; and TIM
ASHLEY, individually,

    Defendants.

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO COMPEL ANSWERS TO DEPOSITION QUESTIONS

    COME NOW, Defendants, by and through their attorneys of record, Atwood, Malone, Turner and Sabin, P.A., by Bryan Evans and Barbara Smith, and submit their Response to Plaintiff's Motion to Compel Answers to Deposition Questions.

    During the course of discovery, Plaintiff, through is counsel, deposed each of the named Curry County Defendants.  During the depositions of County Commissioners Ben McDaniel and Tim Ashley, Plaintiff's counsel asked questions regarding the substance of conversations between those commissioners and the Curry County Attorney, Steve Doerr.  *See Deposition of Ben McDaniel, p. 21, line 13 through p. 22, line 3, attached as Exhibit 2 to Plaintiff's Motion to Compel Answers to Deposition*

1

*Questions*; *Deposition of Tim Ashley, p. 17, lines 4-18, attached as Exhibit 1 to Plaintiff's Motion to Compel Answers to Deposition Questions*. Defense counsel objected, and instructed these Defendants not to answer questions about those meetings because the conversations were confidential attorney-client communications. Plaintiff now moves this Court for an Order compelling answers to those deposition questions. As fully set forth below, however, those communications fall well within the attorney-client privilege and are therefore protected from discovery.

The attorney-client privilege serves to protect the confidentiality of communications made between an attorney and his clients in order to encourage full and frank disclosure in the context of the attorney-client relationship. *Upjohn Co. v. U.S.*, 449 U.S. 383, 389 (1981); *In re Grand Jury Proceedings*, 616 F.3d 1172, 1182 (10th Cir. 2010). Disclosure promotes an attorney's ability to be fully informed and offer sound legal advice, an essential aspect of our justice system. *See Upjohn*, 442 U.S. at 389. The attorney-client privilege protects confidential communications made to an attorney in order to obtain legal assistance from the attorney in his capacity as legal advisor. *In re Grand Jury Proceedings*, 616 F.3d at 1182. Communications that fit within these guidelines may be privileged even where no formal attorney-client relationship exists as long as the prospective client communicates confidential information with the purpose of securing legal advice. *See Westinghouse Elec. Corp. v. Kerr-McGee Corp.*, 580 F.2d 1311, 1319 (7th Cir. 1978).

The federal courts have long recognized the unique considerations that arise in applying the attorney-client privilege where the client is not an individual, but rather a corporate entity. *Upjohn*, 449 U.S. at 392. A municipality, which is a corporate body, is

subject to the same concerns. *See, e.g., Ross v. City of Memphis*, 423 F.3d 596, 602-603 (6th Cir. 2005). An attorney must be able to provide legal advice on a specific problem and ensure the client's compliance with the law. *Upjohn*, 449 U.S. at 392. In *Upjohn*, the Court found that communications between the corporate attorney and corporate employees who were not traditionally considered part of the corporation's "control group" were protected by attorney-client privilege because the communications concerned matters within the employees' corporate duties and the employees were aware that their communications with the attorney were necessary to help the corporation secure sound legal advice. *Id* at 394. Although communications are not privileged simply because an attorney was a party to the conversation, communications are privileged where the attorney's involvement consisted of providing legal opinions or advice, as opposed to business advice. *See Motley v. Marathon Oil Co.*, 71 F.3d 1547, 1550-1551 (10th Cir. 1995) (upholding confidentiality of documents in-house attorney used in advising company regarding down-sizing and employment decisions); *see also Clayton v. Vanguard Car Rental U.S.A., Inc.*, 2009 WL 5851088, 5-6 (D.N.M. 2009) (holding attorney-client privilege applicable to the notes of a corporate attorney regarding employment decisions taken during meeting with employee's supervisor). Advice concerning employment decisions has been held to fall within the privilege. *Motley*, 71 F.3d at 1550-1551; *Clayton*, 2009 WL 5851088 at 5-6.

In this case, the information sought by Plaintiff's deposition questions consists of privileged communications between the county attorney and representatives of his client, Curry County. During the time between Ben McDaniel's and Tim Ashley's election and swearing in, they each met individually with the county attorney and county

manager. *See Deposition of Ben McDaniel, p. 21, lines 13-24, p. 61, lines 18-25; Deposition of Tim Ashley, p. 17, lines 4-18.* At the time of these meetings, both McDaniel and Ashley were acting in their capacities as commissioners-elect. They were consulting with the county attorney on matters related to their new positions with the county, and sought legal advice regarding the same. *See Deposition of Ben McDaniel, p. 21, lines 10-20.* Although neither commissioner had retained the county attorney in his personal capacity, both commissioners were consulting with the county attorney as representatives of Curry County. The purpose of their conversations with the attorney was to secure sound legal advice on county matters.

Plaintiff would have this Court order these Defendants to disclose the substance of their communications with the County Attorney solely on the argument that, because these commissioners had not yet been sworn into office, they were technically not yet commissioners, and thus not "clients" of the County Attorney. Such a hyper-technical analysis of who is a "client" under these circumstances would frustrate the purpose behind the attorney-client privilege, and elevate form over substance. It is more important to adhere to the attorney-client privilege's purposes of facilitating full and frank disclosure to an attorney than to insist upon a mechanistic application of the privilege. *U.S. v. Mobil Corp.*, 149 F.R.D. 533, 537-538 (N.D.Tex. 1993), *citing Upjohn Co. v. U.S.*, 449 U.S. 383. Courts have recognized that, in order to encourage well-informed legal advice, the privilege may extend to communications with individuals other than the strictly-defined client when the purpose is to assist the attorney in providing legal advice to the client. *Bodega Investments, LLC ex rel. Kreisberg v. U.S.*, 2009 WL 1456642, 3 (S.D.N.Y. 2009), *citing U.S. v. Adlman*, 68 F.3d 1495, 1499 (2nd Cir. 1995); *see also*

*Upjohn*, 449 U.S. at 392-393 (rejecting a narrow construction of the attorney client privilege where it would inhibit the provision of "sound legal advice").

The substance of the conversations between each newly-elected commissioner and the county attorney are protected by the attorney-client privilege. Accordingly, Plaintiff should not be able to compel answers to deposition questions that would disclose those confidential communications.

WHEREFORE, Defendants pray this Court enter its Order denying Plaintiff's Motion to Compel Responses to Deposition Questions, and for such other relief as this Court deems fair and appropriate.

Respectfully submitted,

**ATWOOD, MALONE, TURNER & SABIN, P.A.**

By  **Electronically Filed on 10/25/13**
      Bryan Evans
      Barbara M. Smith
      P.O. Drawer 700
      Roswell, NM 88202-0700
      (575) 622-6221
*Attorneys for Defendants*

I HEREBY CERTIFY that on October 25, 2103, I filed the foregoing instrument electronically through the Court's Electronic Filing system, which caused all parties of record to be served by electronic means, as more fully reflected on the *Notice of Electronic Filing*.

*Electronically Filed on 10/25/13*
Bryan Evans