IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GERRY BILLY,
       Plaintiff,

vs.

THE CURRY COUNTY BOARD OF COMMISSIONERS,
A POLITICAL sub-division existing under the laws of
The State of New Mexico, and LANCE PYLE, individually
and in his official capacity as County Manager for the
Curry County Board of Commissioners,
ROBERT SANDOVAL, individually, FRANK BLACKBURN
Individually, and TIM ASHLEY, individually,
       Defendants                  No. 2-13-CV-0032-MCA-LAM

**PLAINTIFF'S REPLY TO "DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO COMPEL ANSWERS TO DEPOSITION QUESTIONS"**

COMES NOW, Plaintiff Gerry Billy by and through his undersigned attorney Eric D. Dixon, Attorney and Counselor at Law, P.A., Portales, New Mexico, and for Plaintiff's Reply to "Defendants' Response to Plaintiff's Motion to Compel Answers to Deposition Questions" states:

***Introduction:***

In order to be covered by the attorney-client privilege, a communications between a lawyer and client must relate to legal advice or strategy sought by the client. *U.S. v. Johnson,* 146F.3d785, 794(10th Cir. 1998). "The penultimate question

1

is whether the third party communication was made in confidence for the purpose of obtaining legal advice from the lawyer. *A.H. ex rel. Hadjih v. Evenflo Co. Inc.,* 2012WL1957302*3(D.Colo.2012). The attorney-client privilege protects communications not the underlying facts. *Philadelphia v. Westinghouse Electric Corp.,* 205F.Supp.830(D.C.Pa. 1962). A party, including both entities and individuals, cannot conceal facts otherwise subject to discovery, merely by revealing them to its lawyers. *Upjohn Co. v. U.S.,* 449U.S.383, 395-96, 101S. Ct.677,66L. Ed. 2d584(1981).

***There was no attorney-client relationship between Ben Mc Daniel and Tim Ashley in December, 2012 for an attorney-client privilege to attach***

The Defendant recognizes on page three of its Response that "communications are not privileged simply because an attorney was a party to the conversation."[Response, pg. 3]. However, the Defendants then goes on to allege without any citation to the record that "[a]t the time of these meetings, both Mc Daniel and Ashley were acting in their capacities as commissioners-elect.[Response, pg. 4]. However, counsel asked Mr. Ashley at his September 4th, 2013 the following questions:

> Q. As of—As of December of 2013 was Mr. Doerr [Curry County Attorney] on retainer with you—
> A. No.
> Q. –personally?

> A. What was the date? I'm sorry.
> Q. In December of 2012.
> A. Oh, was he on retainer? No, no.
> Q. Was he your—so he wasn't your personally retained attorney in December of 2012 then?
> A. No.[Plaintiff's Exhibit 1,-Doc.49-1, pg. 27, ¶2-11].

Ben Mc Daniel testified in a similar vein. He discussed "different aspects of the contract [with Plaintiff] with [the] county attorney, and really that's it."[Plaintiff's Exhibit 2, Doc. 49-2, pg. 21, ¶15-16]. Mc Daniel testified that he discussed Mr. Billy's contract with the County Attorney between November, and January 1, 2013 (before he was sworn in as a County Commissioner). He admitted that the County Attorney was not his attorney.[*Id.* ¶1-5]. Defendant does not point the court anywhere in the record where it is established that Mc Daniel and Ashley were acting in their capacities as "commissioners-elect." Nor does the Defendant establish that such a privilege exists for a witness and defendant to withhold information simply because the information is provided to an attorney.

While an attorney-client relationship can exist in the absence of an express agreement, it "hinges upon the client's belief that he is consulting a lawyer in that capacity and his manifested intention to seek professional legal advice." *Westinghouse Electric Corp. v. Kerr Mc Gee Corp.,* 580F.2d1311, 1319(7th Cir. 1978). In addition, an implied attorney-client relationship exists only if the client's

subjective beliefs are reasonable. *United States v. Keplinger,* 776F.2d678, 701(7th Cir. 1985)("[W]e think no individual attorney-client relationship can be inferred without some finding that the potential client's subjective belief is minimally reasonable."). "A Communication between an attorney and a third party does not become shielded by the attorney-client privilege solely because the communications proves important to the attorney's ability to represent the client." *United States v. Ackert,* 169F.3d136, 139(2nd Cir. 1999).

The Defendants' have failed to put forth any evidence regarding the establishment of an attorney-client relationship during the November-December, 2012 time-frame. In the present case, Defendant has failed to meet its burden to establish that an attorney-client relationship existed between Mr. Mc Daniel and Mr. Ashley before then became County Commissioners. See, *United Nuclear Corp. v. Gen. Atomic Co.,* 96N.M.155, 629P.2d231,293(1980)("The bald assertion that production of the requested information would violate a privilege (provided by law) is not enough. The party resisting discovery has the burden to clarify and explain its objections and to provide support therefrom. General objections without specific support may result in waiver of the objections.").

"The Court is reluctant to apply the attorney-client privilege to communications with non-clients who are witnesses or to counsel's communications with a fact

witness." *Vondrak v. City of Las Cruces,* 760F.Supp.2d1170, 1179(D. N. M. 2009) (Judge Browning). What happened in those meetings are crucial to show that the decision to fire Plaintiff was made in violation of due process and State law long before the actual meeting on January 8th, 2013. A "rolling quorum" took place in order to avoid the New Mexico Open Meetings Act.[Doc.49-1,¶2-11].

The Defendants claim without any citation that "Plaintiff would have this Court order these Defendants to disclose the substance of their communications with the County Attorney solely on the argument that, because these commissioners had not yet been sworn into office, they were technically not yet commissioners, and thus not "clients" of the County Attorney."[Response, pg. 4]. First, Mr. Mc Daniel and Mr. Ashley were not County Commissions technically or otherwise in November-December, 2012. Secondly, Plaintiff's argument is not based on this alleged "technicality." Instead, Plaintiff asserts that the record is un-contradicted that there was absolutely no attorney-client relationship between Mr. Ashley and Mr. Mc Daniel to which an attorney-client privilege claim could attach in November-December, 2012.

The Defendants claim that "the privilege may extend to communications with third parties.[Response, pg. 4-5]. However, the cases cited involve communications with accountants retained by the client. *Bodega Investments, LLC*

*ex rel. Kreisberg v. U.S.* 2009WL1456642 (S. D. N. Y. 2009). However, *Bodega* points out that the burden is on the party claiming attorney-client privilege. Further, in *Bodega* affidavits and other pertinent documentation were submitted in support of attorney-client privilege. Here, the Defendants have not submitted an affidavit or any portion of a deposition establishing that there was an attorney-client relationship established, or that these third parties should be entitled to assert such privilege. "A communication between an attorney and a third party does not become shielded by the attorney-client privilege solely because the communication proves important to the attorney's ability to represent the client." *United States v. Ackert,* 169F.3d136, 139(2d Cir. 1999).

### ***Conclusion:***

The Defendant has failed to meet its burden establishing that any attorney-client relationship existed in November-December, 2012, or that such a privilege should be extended to these third parties without any showing by Defendants' affidavit or other competent evidence.

Respectfully Submitted:

/s/ Eric D. Dixon

_____
Eric D. Dixon
Attorney and Counselor at Law, P.A.
301 South Avenue A,
Portales, New Mexico, 88130
(575) 359-1233
Facsimile: (575) 356-4946
Attorney for Plaintiff

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of October, 2013 I filed the foregoing instrument electronically through the Court's electronic filing system, which caused all the parties of record to be served by electronic means, as more fully reflected on the Notice of Electronic filing.

/s/ Eric D. Dixon
_____
Eric D. Dixon