**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**GERRY BILLY,**

       **Plaintiff,**

v.                                                       **No. CIV-13-0032 MCA/LAM**

**THE CURRY COUNTY BOARD OF**
**COMMISSIONERS, et al.,**

       **Defendants.**

## ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL ANSWERS TO INTERROGATORIES AND REQUESTS FOR PRODUCTION

**THIS MATTER** is before the Court on *Plaintiff's Motion to Compel Answers to Interrogatories and Requests for Production (Doc. 47),* filed October 1, 2013. Defendants filed a response on October 18, 2013 (*Doc. 53*), and an amended response on October 21, 2013 (*Doc. 54*). Plaintiff filed a reply and notice of completion of briefing on October 21, 2013 (*Docs. 55* and *56*).[1] Having reviewed the motion, responses, reply, record of the case, and relevant law, for the reasons set forth below, the Court **FINDS** that the motion should be **GRANTED.**

Plaintiff brings this case under 42 U.S.C. § 1983, alleging that he was wrongfully terminated as Curry County Detention Center Administrator in retaliation for, among other things, requesting a public investigation into allegations made by Defendant Sandoval that Plaintiff had covered up an investigation into an assault and battery on an inmate occurring on June 27, 2012. [*Doc. 1* at 8-9].

---

[1]Plaintiff contends that Exhibit A, attached to Defendants' amended response [*Doc. 54*] should be disregarded by the Court because the amended response was untimely filed and the attachment is an unauthenticated letter. [*Doc. 55* at 5-6]. Because the Court's determination of this matter does not depend on whether Exhibit A is properly before the Court or is authentic, and does not rely on Exhibit A whatsoever, the Court will not address this issue.

In his motion to compel, Plaintiff contends that Defendants failed to provide incident reports and packets for 2013, a 195-page investigative report by private investigator Doug Shawn completed on or about November 5, 2012, and a videotape produced by Joe Wright. [*Doc. 47* at 2-3]. It appears that the 2013 incident reports and packets, and the videotape, are no longer at issue, and the only issue remaining is the 2012 investigative report. *See* [*Docs. 53* and *54* at 1] (stating that the parties have reached an agreement concerning the videotape and the 2013 incident reports) and [*Doc. 55*] (reply discussing only the 2012 report).

Plaintiff attached to his motion the request for production (No. 11) in which he asked Defendants to produce the 2012 report, and which was objected to by Defendants on the basis of attorney-client and work-product privilege. [*Doc. 47-1* at 5]. Plaintiff contends that the report is not privileged because it was requested and paid for by the County Commission. [*Doc. 47* at 6-7]. In their amended response, Defendants contend that the report is privileged because it was initiated by the Curry County attorney, Steve Doerr, at the request of the Curry County Board of County Commissioners, which is Mr. Doerr's client. [*Doc. 54* at 2]. In his reply, Plaintiff contends that the County Commissioners, not Mr. Doerr, hired the investigator and paid for the investigation, and that the Commissioners pursued the investigation in response to Plaintiff's repeated requests to conduct an investigation to clear his name regarding the alleged cover up of the June 27, 2012 incident. [*Doc. 55* at 2-5]. In addition, Plaintiff contends that he has a substantial need for the report that would overcome any privilege attached to it, because the report includes interviews of over a dozen other jail personnel and Plaintiff is limited in the number of depositions he can conduct. *Id.* at 8-9.

Plaintiff, therefore, asks the Court to either grant his motion to compel or, in the alternative, order an *in camera* review of the report to establish whether or not it is privileged. *Id.* at 9.

Fed. R. Civ. P. 26(b)(1) permits the discovery of any matter that is relevant to any party's claim or defense, is not privileged, and is at least reasonably calculated to lead to the discovery of admissible evidence. While the scope of discovery should be broadly and liberally construed (*see Hickman v. Taylor*, 329 U.S. 495, 507 (1947)), privileged matters are not subject to Rule 26's broad discovery requirement (*see id.* at 508). "A party seeking to assert the privilege must make a clear showing that it applies. Failure to do so is not excused because the document is later shown to be one which would have been privileged if a timely showing had been made." *Peat, Marwick, Mitchell & Co. v. West*, 748 F.2d 540, 542 (10th Cir.1984).

The attorney-client privilege governs confidential communications between an attorney and his or her client, and "[i]ts purpose is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). A critical component of the privilege "is whether the communication between the client and the attorney is made in confidence of the relationship and under circumstances from which it may reasonably be assumed that the communication will remain in confidence." *United States v. Lopez*, 777 F.2d 543, 552 (10th Cir. 1985).

Fed. R. Civ. P. 26(b)(3)(A) sets forth the work-product privilege, which provides that "a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney,

consultant, surety, indemnitor, insurer, or agent). In addition, the work-product privilege applies to work prepared by an attorney's agent. *See United States v. Nobles*, 422 U.S. 225, 238-39 (1975) ("[T]he doctrine protect[s] material prepared by agents for the attorney as well as those prepared by the attorney himself."). These materials may be discovered only if they are otherwise discoverable under Rule 26(b)(1), and "the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A)(i)-(ii). In ordering discovery of such materials when the required showing has been made, the court "must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." Fed. R. Civ. P. 26(b)(3)(B). While the work-product doctrine protects against disclosure of documents and other tangible things prepared in anticipation of litigation and for trial, as well as the attorney's strategies and legal impressions, it does not protect facts contained within the work product. *See Resolution Trust Corp. v. Dabney*, 73 F.3d 262, 266 (10th Cir. 1995).

    The Court finds that Plaintiff's contention that the 2012 report is not privileged because it was prepared at the request of Defendants, not counsel for Defendants, is without merit. This argument is belied by the language of Rule 26(b)(3)(A), which provides that documents prepared in anticipation of litigation "by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)" qualify as work product. The rule has no requirement that the work must be prepared upon the request of counsel for the privilege to attach, so this report could be privileged regardless of who ordered that it be prepared. Nevertheless, the Court finds that the 2012 report is not protected under the work-product privilege because

Defendants fail to make a showing that the report was prepared in anticipation of litigation. The report was completed in November 2012 (*see Doc. 47* at 2), which was in advance of the filing of Plaintiff's complaint on January 11, 2013. While work-product privilege may attach to documents prepared prior to litigation, the threat of litigation must be more than a remote prospect. *See Binks Mfg. Co. v. Nat'l Presto Indus. Inc.*, 709 F.2d 1109, 1118 (7th Cir. 1983) (explaining that "[t]he mere fact that litigation does eventually ensue does not, by itself, cloak materials prepared by an attorney with the protection of the work product privilege," and that "the work product rule does not come into play merely because there is a remote prospect of future litigation") (citation, internal quotation marks and brackets omitted); *see also* 8 Fed. Prac. & Proc. § 2024 (3d ed.) (2013) (explaining that "[t]he focus is on whether specific materials were prepared in the ordinary course of business, or were principally prompted by the prospect of litigation") (footnotes omitted).

Plaintiff contends that the report was made to clear Plaintiff's name from the allegations of a cover up. *See* [*Doc. 47* at 2 and *Doc. 55* at 5]. Defendants state that "[t]he investigation was carried out in order to determine the county's potential exposure to liability stemming from the Perez/Guerra incident, however remote the possibility." [*Doc. 54* at 5]. This statement is contrary to the statement made by at least one county commissioner that the investigation report was requested by the county commissioners to address allegations that Plaintiff made in his August 27, 2012 letter. *See* [*Doc. 54-3* at 2]. Regardless, the Court finds that Defendants' unsupported statement in their response brief does not make a sufficient showing that the report was principally prompted by the prospect of litigation that was not merely a remote possibility. While in *Sanchez v. Matta*, 229 F.R.D. 649, 657 (D.N.M. 2004), the Court found that materials prepared

more than three years before the plaintiff's complaint was filed were prepared in anticipation of litigation, that case is distinguishable because the defendants there contended that the materials were prepared solely in anticipation of litigation, and supported their contention with an affidavit from one of the investigators stating that the materials were created in anticipation of litigation against the defendants. Defendants make no such showing here and the Court, therefore, finds that the report is not privileged and should be produced to Plaintiff. To the extent the report contains any confidential communications between defense counsel and Defendants, or defense counsel's strategies and legal impressions, those communications may be redacted from the report prior to it being produced. *See Sanchez*, 229 F.R.D. at 657 ("Because, however, the work-product privilege does not protect underlying facts, and it is possible to redact the documents in the investigation file to protect attorney impressions and legal strategies, the Court will order the Defendants to produce those documents in redacted form.").

**IT IS THEREFORE ORDERED** that *Plaintiff's Motion to Compel Answers to Interrogatories and Requests for Production (Doc. 47)* is **GRANTED** and Defendants shall produce the 2012 report **no later than ten (10) business days after the entry of this Order**. The report may be redacted to protect confidential attorney-client communications or defense counsel's strategies and legal impressions, if any, as set forth above**.**

**IT IS SO ORDERED.**

*Lourdes a. Martinez*
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**