**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**GERRY BILLY,**

       **Plaintiff,**

**v.**                                    **No. CIV-13-0032 MCA/LAM**

**THE CURRY COUNTY BOARD OF COMMISSIONERS, et al.,**

       **Defendants.**

## ORDER DENYING PLAINTIFF'S MOTION TO COMPEL ANSWERS TO DEPOSITION QUESTIONS

**THIS MATTER** is before the Court on *Plaintiff's Motion to Compel Answers to Deposition Questions (Doc. 49),* filed October 8, 2013. Defendants filed a response on October 25, 2013 (*Doc. 58*), and Plaintiff filed a reply and notice of completion of briefing on October 28, 2013 (*Docs. 59* and *60*). Having reviewed the motion, response, reply, record of the case, and relevant law, for the reasons set forth below, the Court **FINDS** that the motion should be **DENIED.**

Plaintiff states that at the deposition of Timothy Wayne Ashley, taken on September 4, 2013, the attorney for Curry County objected on the basis of attorney-client privilege to any testimony regarding a meeting that took place on or about December 6, 2012 at the county manager's office at which Mr. Ashley, the county manager, and the county attorney were present. [*Doc. 49* at 1-2]. Plaintiff contends that the information from the December 6, 2012 meeting is not privileged because Mr. Ashley did not take office as a county commissioner until January 1, 2013, and the county

attorney was not his attorney at the time of this meeting, so no attorney-client privilege can legitimately be asserted. *Id.* at 2. Plaintiff asks the Court to compel Mr. Ashley to answer the questions related to the meeting. *Id.* Plaintiff further contends that Ben McDaniel, whose deposition was also taken on September 4, 2013, should also be compelled to answer questions regarding conversations he had with Curry County's attorney during November and December 2012 regarding Plaintiff's employment contract, because Mr. McDaniel did not take office until January 1, 2013, and the county attorney was not his attorney at the time of these conversations, so the conversations are not privileged. *Id.* at 2-3.

In response, Defendants contend that the communications that Mr. Ashley and Mr. McDaniel had with the county attorney were privileged, even though they were not yet sworn in as commissioners, because they were acting in their capacities as commissioners-elect, and the purpose of their conversations was to secure legal advice on county matters. [*Doc. 58* at 4]. Defendants contend that Plaintiff's theory that the communications are not privileged because Mr. Ashley and Mr. McDaniel had not yet been sworn into office is "a hyper-technical analysis of who is a 'client.'" *Id.* In Plaintiff's reply, he contends that Defendants have failed to establish that there was an attorney-client relationship such that the privilege would attach to those communications. [*Doc. 59* at 4-6].

Fed. R. Civ. P. 26(b)(1) permits the discovery of any matter that is relevant to any party's claim or defense, and is not privileged, and is at least reasonably calculated to lead to the discovery of admissible evidence. While the scope of discovery should be broadly and liberally construed (*see Hickman v. Taylor*, 329 U.S. 495, 507 (1947)), privileged matters are not subject to Rule 26's broad

discovery requirement (*see id.* at 508).  "A party seeking to assert the privilege must make a clear showing that it applies.  Failure to do so is not excused because the document is later shown to be one which would have been privileged if a timely showing had been made."  *Peat, Marwick, Mitchell & Co. v. West*, 748 F.2d 540, 542 (10th Cir.1984).  The attorney-client privilege governs confidential communications between an attorney and his or her client, and "[i]ts purpose is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice."  *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981).  A critical component of the privilege "is whether the communication between the client and the attorney is made in confidence of the relationship and under circumstances from which it may reasonably be assumed that the communication will remain in confidence."  *United States v. Lopez*, 777 F.2d 543, 552 (10th Cir. 1985).

    The Court finds that Defendants have sufficiently shown that the attorney-client privilege applies to the deposition questions asked of Mr. Ashley and Mr. McDaniel.  First, even though neither Mr. Ashley nor Mr. McDaniel had been officially sworn in as county commissioners at the time of the communications at issue, they had been *elected* as county-commissioners, and, as such, it was reasonable for Mr. Ashley and Mr. McDaniel to think that they had an attorney-client relationship with the county attorney with regard to county business.  The Tenth Circuit has held that an attorney-client relationship can be established absent a formal agreement, as long as the communications were confidential and made for the purpose of seeking or giving legal advice.  *See Cole v. Ruidoso Municipal Schools*, 43 F.3d 1373, (10th Cir. 1994).  Here, the communications were made with the county attorney to discuss legal matters affecting the county, and Defendants state

3

that "both Mr. Ashley and Mr. McDaniel were acting in their capacities as commissioners-elect," and "were consulting with the county attorney on matters related to their new positions with the county, and sought legal advice regarding the same." [*Doc. 58* at 4] (citing *Doc. 49-2* at 3, the transcript from Mr. McDaniel's deposition in which he states that he contacted the county attorney to discuss Plaintiff's contract). While it would have been more helpful to the Court had Defendants submitted affidavits clearly setting forth whether the parties intended that the communications would be confidential and were made for the purpose of obtaining legal advice, the Court finds that the circumstances in which the communications took place provide a reasonable assumption that they were intended to remain in confidence. The Court, therefore, finds that this situation is sufficient to find that the communications were made "with the reasonable belief that the lawyer was acting as the party's attorney." *Cole*, 43 F.3d at 1384 (citation omitted).

**IT IS THEREFORE ORDERED** that *Plaintiff's Motion to Compel Answers to Deposition Questions (Doc. 49)* is **DENIED**.

**IT IS SO ORDERED.**

_Lourdes a. Martínez_
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**